UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

NOV 20 2025

BY: /s/ Deputy Clerk

IN THE MATTER OF THE ) 
ARREST OF )
 )  Case No. 1:25mj92
JERRY POINDEXTER )

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Chad Potter, being first duly sworn, do hereby depose and state as follows:

### INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigations (FBI). I have been employed as an FBI Special Agent since October 27, 2019. I received my initial training and instruction at the FBI Academy located in Quantico, Virginia, where I received training regarding violations of the United States criminal statutes. After my initial training, I was assigned to the Richmond Division, Bristol Resident Agency of the FBI. I currently work out of the Bristol, Virginia FBI Field Office. As part of my job duties, I have investigated a variety of criminal cases, including cases involving the possession of child sexual abuse material and sexual exploitation of children, public corruption, civil rights violations, domestic terrorism, counter terrorism, drugs and violent gangs, diversion, and financial crimes.

1

2. As a Special Agent, I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 3052, which specifically authorizes FBI Special Agents, and officials of the FBI, to make arrests, carry firearms, and serve warrants. Title 18, United States Code, Section 3107, empowers FBI Special Agents and officials to make seizures under warrant for violation of federal statutes.

2. I am investigating the activities of inmate Jerry Poindexter (POINDEXTER), Register Number 76687-509. As will be shown below, there is probable cause to believe that POINDEXTER violated Title 18, United States Code, Section 113(a)(3), assault with a dangerous weapon within the maritime and territorial jurisdiction of the United States, and Title 18, United States Code, Section 1791(a)(2), possessing a prohibited object as an inmate of a prison. I submit this application and affidavit in support of an arrest warrant for POINDEXTER.

3. The statements in this affidavit are based on information obtained from my observations and investigation, as well as information that I learned from discussions with other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the requested arrest warrant.

4. United States Penitentiary Lee (USP Lee) is a high-security federal penitentiary in Pennington Gap, Virginia, which is within in the Western District of Virginia. As a federal penitentiary, USP Lee is within the special maritime and territorial jurisdiction of the United States.

5. At times relevant to this affidavit, POINDEXTER was an inmate at USP Lee.

6. On or about April 25, 2025, a Tower Seven Correctional Officer working at USP Lee observed POINDEXTER and inmate Jonathan Cochran (Cochran) assaulting inmate C.D.

7. The assault was captured on video, which this Affiant has reviewed.

8. In the video footage, Cochran can be seen approaching C.D. from behind. Cochran jumps onto the back of C.D. placing him in a chokehold. POINDEXTER can be seen approaching C.D. from the side. POINDEXTER retrieves a prison-made knife, known as a shank, from under his clothing.

9. Cochran continues to restrain C.D. in a chokehold while delivering approximately twenty closed fist strikes to C.D.'s head.

10. While Cochran restrains and strikes C.D. with his fist, POINDEXTER stabs C.D. approximately twenty-one times with the shank.

11. A shank is a dangerous weapon because it is capable of causing death or serious bodily injury. It is also a prohibited object in prison because it is a weapon or an object that is designed or intended to be used as a weapon.

12. In a subsequent recorded interview with POINDEXTER, POINDEXTER said something to effect of, in prison you either eat or be eaten. POINDEXTER did not understand why he was talking with Special Agents from the Federal Bureau of Investigation (FBI) because the entire incident was captured on video. POINDEXTER told Special Agents with the FBI he often carries a weapon because USP Lee is a level seven penitentiary. POINDEXTER depicted the length of the shank he used during the assault by holding his hands approximately five inches apart.

13. Labeled still shots from the video footage of the assault are included below:







14. Based upon the facts set forth above, I believe there is probable cause that Jerry POINDEXTER has violated Title 18, U.S.C. Section 113(a)(3) (assault with a dangerous weapon within the maritime and territorial jurisdiction of the United States) and Section 1791(a)(2) (possessing a prohibited object in prison).

Chad Potter, Special Agent
Federal Bureau of Investigation

SWORN AND SUBSCRIBED TO BEFORE ME
THIS 20th DAY OF NOVEMBER 2025.

HONORABLE JUDGE PAMELA MEADE SARGENT
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA